**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| ALDRIDGE L. MITCHELL,<br><br>             Plaintiff,<br><br>v.<br><br>HIGHER EDUCATION LOAN AUTHORITY<br>OF THE STATE OF MISSOURI d/b/a<br>MOHELA,<br>             Defendant. | Case No.: 4:26-cv-00002<br><br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR CREDIT**<br>**REPORTING ACT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Aldridge L. Mitchell ("Plaintiff") brings this action against defendant Higher Education Loan Authority of the State of Missouri ("MOHELA"), and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**INTRODUCTION**

1.      This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* (the "FCRA"), a statute that, among other things, offers protection and recourse for victims of identity theft.

2.      Plaintiff is the victim of identity theft. In or around January 2024, Plaintiff discovered that his identity was used to fraudulently open two student loan accounts with MOHELA/Department of Education ("MOHELA"), without his knowledge or consent. These accounts, originating on or about February 10, 2022, reflected balances of $1,755 and $3,009, respectively. Plaintiff never applied for, received proceeds from, or benefited in any way from

1

these loans.

3. Plaintiff took affirmative steps to rectify the situation by complying with FCRA procedures intended to protect victims of identity theft. Specifically, Plaintiff submitted written disputes to Equifax stating that he was the victim of identity theft and asking that the fraudulent account be blocked from his credit profile.

4. Upon information and belief, Equifax sent Defendant MOHELA an automated credit dispute verification ("ACDV") pursuant to Plaintiff's dispute to Equifax.

5. Upon information and belief, Defendant MOHELA received Equifax's ACDV and did not adequately reinvestigate Plaintiff's dispute.

6. So, Plaintiff submitted a second dispute. This time, Plaintiff submitted letters to Equifax, Experian and Trans Union. Experian and Trans Union complied with their statutory obligations and blocked the fraudulent accounts from Plaintiff's credit report.

7. Upon information and belief, Equifax sent Defendant MOHELA an automated credit dispute verification ("ACDV") pursuant to Plaintiff's second dispute to Equifax.

8. Upon information and belief, Defendant MOHELA received Equifax's ACDV and did not adequately reinvestigate Plaintiff's dispute.

9. Plaintiff asserts that Defendant MOHELA violated its duties as a furnisher under the FCRA, including but not limited to the following:

(a) In violation of 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed MOHELA Account was the product of identity theft.

10. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment

2

and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered because of Defendant's misconduct. Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendant's misconduct, Plaintiff has suffered a decreased credit score, was denied of credit opportunities, including a mortgage and a PenFed credit card, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of erroneous credit reports.

## PARTIES

13.    Plaintiff is a natural person who resides in Eufaula, Alabama. Plaintiff qualifies as a "consumer" as defined and protected by the FCRA.

14.    Defendant MOHELA is a student loan servicing company with its principal place of business located 633 Spirit Drive, Chersterfield, MO 63005. MOHELA qualifies as a "furnisher" of consumer information, as defined in 12 C.F.R. § 1022.41(c).

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

16.    Venue is proper in this District under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

### Plaintiff Learns that he is the Victim of Identity Theft

17.    On or about February 10, 2022, an identity thief used Plaintiff's personal identifying information to fraudulently open two student loan accounts with MOHELA/Department of Education without Plaintiff's knowledge or consent. These accounts, totaling over $4,700, were opened in Plaintiff's name and reported to all three national credit

3

reporting agencies. The presence of these fraudulent accounts significantly impacted Plaintiff's credit profile, contributed to the denial of a mortgage application in January 2024, and the denial of a credit card application.

18. Plaintiff learned about the fraud when he was denied a mortgage application due to the presence of two unfamiliar student loan accounts on his credit reports.

19. Plaintiff did not recognize the MOHELA student loan accounts and did not incur the underlying debts. Concerned that his personal information had been compromised, Plaintiff obtained copies of his credit reports and identified the two fraudulent student loan accounts reported by MOHELA/Department of Education, accounts he had never applied for, authorized, or used.

20. Plaintiff was not the account holder for the two MOHELA accounts and did not authorize any person to open the MOHELA accounts in his name.

21. In or around May 10, 2024, Plaintiff conducted a merchant verification call with Defendant MOHELA.

22. On or about July 9, 2024, Plaintiff sent dispute letters to the national credit bureaus, Equifax, and Experian, disputing the reporting of the fraudulent accounts. The dispute letter requested that the fraudulent accounts be blocked and stricken from future credit reports.

23. Subsequently, on or about August 6, 2024, Plaintiff sent a dispute letter to Trans Union. The dispute letters requested that the fraudulent accounts be blocked and stricken from future credit reports.

24. On or about August 31, 2024, Equifax issued a written response to Plaintiff's July 2024 dispute. Instead of addressing the fraudulent MOHELA accounts identified in Plaintiff's dispute, Equifax merely updated Plaintiff's name in its records.

25.    Upon information and belief, Equifax sent Defendant MOHELA an automated credit dispute verification ("ACDV") pursuant to Plaintiff's August 2024 dispute to Equifax.

26.    Upon information and belief, Defendant MOHELA received Equifax's ACDV and did not adequately reinvestigate Plaintiff's dispute.

27.    Worried that Equifax, Experian and Trans Union would continue to report the two MOHELA accounts, Plaintiff submitted his second disputes.

28.    On or about November 20, 2024, Plaintiff submitted his second disputes to the national credit bureaus, Equifax and Experian.

29.    On November 25, 2024, Plaintiff submitted his second dispute to Trans Union.

30.    In his second disputes, Plaintiff enclosed with the dispute letter a copy of a June 6, 2024, FTC affidavit (FTC Report No. 73837457) explaining that Plaintiff was the victim of identity theft and stating that he was unfamiliar with the accounts.

31.    Upon receiving the letters, and upon information and belief, the credit bureaus promptly notified the furnisher, MOHELA, about Plaintiff's dispute, as required by federal statute.

32.    Upon information and belief, Equifax sent Defendant MOHELA an automated credit dispute verification ("ACDV") pursuant to Plaintiff's second dispute to Equifax.

33.    Upon information and belief, Defendant MOHELA received Equifax's ACDV and did not adequately reinvestigate Plaintiff's dispute.

34.    Experian and Trans Union complied with their obligations and removed the fraudulent accounts from Plaintiff's credit reports.

35.    Equifax continued to publish the fraudulent accounts.

36.    On May 12, 2025, Plaintiff was denied a credit card by PenFed. The denial letter cited factors including utilization of accounts, number of accounts, and the occurrence of

5

derogatory events, all criteria affected by the continued reporting of the fraudulent MOHELA accounts on Plaintiff's Equifax credit file.

37.    Plaintiff reasonably believes these accounts were a substantial factor in the adverse decision, as they were still present on his Equifax consumer report and had not been blocked despite Plaintiff's disputes.

## CAUSE OF ACTION
## COUNT I
### Against Defendant MOHELA for Violating 15 U.S.C. § 1681s-2b

38.    Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

39.    Defendant MOHELA refused to remove information that was the product of identity theft namely the fraudulent MOHELA accounts.

40.    Defendant MOHELA violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to the Credit Reporting Agencies; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to the Credit Reporting Agencies.

41.    As a result of MOHELA's statutory violations, Plaintiff suffered actual damages as described above.

42.    These violations were willful, rendering MOHELA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

43.    In the alternative, MOHELA was negligent, which entitles the Plaintiff to recovery

under 15 U.S.C. §1681o.

44.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from MOHELA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)   awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b)   awarding attorney's fees and costs, and other relief; and

c)   awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

Respectfully submitted this 2nd day of January 2026.

CONSUMER ATTORNEYS PLLC

*/s/ Nisan Zaghi*
Nisan Zaghi, Bar # 5711072NY
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

*Attorneys for Plaintiff*
*Aldridge L. Mitchell*

7